THOMPSON, Administratrix, *v.* SHAEFER and Others.

A failure to file written causes for a new trial is fatal to the motion, and the evidence, in such case, cannot be regarded as in the record for any purpose.

Where a party called as a witness by the opposite party, testifies to new matter, which, though pertinent to the issue, is not responsive to the inquiries put, the latter may testify in his own behalf touching such new matter.

*Aliter,* if the matter be at once pertinent to the issue and responsive to the inquiries.

APPEAL from the *Marion* Court of Common Pleas.

STUART, J.—*Archibald Thompson* was the defendant below. *Shaefer* and others sued *Thompson* on an account. Trial by the Court, and judgment for the plaintiffs.

*Thompson* moved for a new trial, but did not file any written causes in that behalf. This was fatal to his motion, and accordingly it was correctly overruled. Written causes are required to be filed. 2 R. S. p. 119. See, also, *Kirby* v. *Cannon,* at the present term (1). So that we cannot regard the evidence in the record for any purpose.

Nov. Term, 1857.

THOMPSON
v.
SHAEFER.

It is assigned for error that *Shaefer*, one of the plaintiffs, was sworn as a witness in the cause, over the objection of the defendant below. To prevent an application for a continuance on the part of *Thompson*, because of absent witnesses, the plaintiffs below made a witness of *Thompson* himself—requiring him "to confine his evidence to the items of account against him in the complaint, and to say nothing about any payments or credits." But when the plaintiffs closed their examination, *Thompson* proceeded to testify that he had paid the plaintiffs, in addition to the credits allowed, 90 dollars. *Shaefer*, one of the plaintiffs, was then offered as a witness as to that item of 90 dollars, and over the objection of the defendant, *Thompson*, was admitted, and testified as to that item only. This is assigned for error, and is, perhaps, raised by the bill of exceptions containing the evidence.

There was no error in this; it was in strict accordance with the statutory provision. Thus:

"Sec. 300. A party examined by an adverse party may testify in his own behalf in respect to any matter pertinent to the issue; but if he testify to any new matter not responsive to the inquiries put to him by the adverse party, such adverse party may offer himself as a witness on his own behalf, in respect to the new matter, and shall be so received." 2 R. S. p. 96.

Something is said about an agreement to admit *Thompson* as a witness. Admitted; but it was not stipulated that the plaintiff should not avail himself of the statutory privilege of testifying, upon a proper contingency. Had *Thompson* confined himself to the questions asked him by the plaintiffs, the latter could not have been witnesses. But when he chose to testify to new matter not responsive to the inquiries of the plaintiffs, he created the contingency upon which they had a right to be witnesses also; and they availed themselves of that right.

It is true, that in one paragraph of his answer, *Thompson* sets up this item of 90 dollars paid. This must be regarded as a part of the issue; and the section quoted would, at a hasty glance, seem to give him full latitude to

Nov. Term, 1857.

MULLEN
v.
THE BOARD,
&c., OF
DECATUR Co.

testify in his own behalf in respect to any matter pertinent to the issue. But he does so at the peril of making his adversary a witness also. For, if the matter about which he testifies on his own behalf, though it be pertinent to the issue, be not responsive to the inquiries put to him, his adversary shall be received as a witness in respect to this new matter. Otherwise, if the matter about which he testifies be at once pertinent to the issue, and also responsive to the inquiries put to him.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. L. Ketcham* and *I. Coffin*, for the appellant.

*D. M'Donald*, for the appellees.

(1) *Ante*, 371.